**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@dickinson-wright.com
KENDAL L. WEISENMILLER
Nevada Bar No. 11946
Email: kweisenmiller@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff Omix-ADA, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OMIX-ADA, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHANGZHOU JIULONG AUTO LAMPS FACTORY; GUANGZHOU VCAN ELECTRONIC TECHNOLOGY CO., LTD.; MAXGRAND, LTD.; SANMAK LIGHTING CO., LTD.; SHENZHEN UNISUN TECHNOLOGY CO., LTD.; and UNITY 4WD ACCESSORIES CO., LTD.,<br><br>Defendants. | CASE NO. 2:16-cv-2527<br>DEPT.<br><br>**TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER** |

Plaintiff OMIX-ADA, INC. ("Omix" or "Plaintiff") has moved *ex parte* for a Temporary Restraining Order, Seizure Order and a Preliminary Injunction, pursuant to the Patent Act, 35 U.S.C. § 283; Federal Rules of Civil Procedure ("FRCP") 64 and 65; and Local Rule ("LR") 7-4.

Omix alleges Changzhou Jiulong Auto Lamps Factory ("Changzhou Jiulong"); Guangzhou Vcan Electronic Technology Co., Ltd. ("Guangzho Vcan"); Maxgrand, Ltd. ("Maxgrand"); Sanmak Lighting Co., Ltd. ("Sanmak"); Shenzhen Unisun Technology Co., Ltd.

1

("Unisun") and Unity 4WD Accessories Co., LTD. ("Unity", and together with Changzhou Jiulong, Guangzhou Vcan, Maxgrand, Sanmak and Unisun, the "Defendants") have made, imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised at the SEMA Show ("SEMA") held on November 1-4, 2016 at the Las Vegas Convention Center and the Automotive Aftermarket Products Expo ("AAPEX") held on November 1-3, 2016 at the Sands Expo, products that infringe U.S. Patent Nos. US 9,145,084 B2 (the " '084 Patent") entitled "Auxiliary Light Mount Assembly for Tubular Bumpers", US D692,290 S (the " '290 Patent") entitled "Hood Latch", and US D749,995 S (the " '995 Patent" and, collectively with the '084 Patent, the "Omix Patents") entitled "Front Grille for a Vehicle", and the RUGGED RIDGE trademarks owned by Omix, Registration No. 3,596,653 and 3,671,044.

The Court, having duly considered Omix's Complaint, <u>Emergency</u> *Ex Parte* Motion And Supporting Memorandum For Entry Of A Temporary Restraining Order, Seizure Order And Preliminary Injunction, and the declarations and exhibits submitted therewith, hereby makes the following findings and conclusions:

1. Omix is likely to succeed on the merits of its patent infringement claims. Omix is likely to succeed in showing that the '084 Patent is owned by Omix, is valid and enforceable, and that Defendants Guangzhou Vcan Electronic Technology Co., Ltd. ("Guangzho Vcan"); Sanmak Lighting Co., Ltd ("Sanmak"); Shenzhen Unisun Technology Co., Ltd. ("Unisun"), and Unity 4WD Accessories Co., Ltd. ("Unity" and, collectively with Guangzho Vcan, Sanmark and Unison, the " '084 Defendants") have imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised auxiliary light mount assemblies for tubular bumpers that infringe on the '084 Patent (the " '084 Infringing Products"). At AAPEX, the '084 Defendants have identified their '084 Infringing Products by the following SKU numbers: Defendant Guangzhou Vcan – SKU V-W21, and Defendant Unisun – SKU UT-B101.

Omix is likely to succeed in showing that the '290 patent is owned by Omix, is valid and enforceable, and that Defendant Unity has imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised hood latches that infringe on the '290 Patent (the " '290 Infringing Produts").

2

Omix is likely to succeed in showing that the '995 Patent is owned by Omix, is valid and enforceable, and that Changzhou Jiulong Auto Lamps Factory ("Changzhou Jiulong"); Maxgrand, LTD. ("Maxgrand") and Unity (together with Changzhou Jiulong and Maxgrand, the " '995 Defendants") have imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised front grilles that infringe on the '995 Patent (the " '995 Infringing Products").

Omix is likely to succeed in showing that Defendant Unity is intentionally using a mark that is identical or nearly identical to Omix's RUGGED RIDGE mark for the same goods that Omix's federally-registered trademarks protect and that confusion is inevitable.

2. It appears to the Court that Defendants are China-based manufacturers of aftermarket auto care parts and automotive specialty products that, with the exception of their temporary presence in Las Vegas during the AAPEX and/or SEMA tradeshows, do not have a regular place of business or assets in the United States. Defendants have imported into the United States, sold and/or offered to sell the '084 Infringing Products, the '290 Infringing Products, and '995 Infringing Products, respectively, at the AAPEX and/or SEMA tradeshows and will then promptly leave the United States.

3. Absent an *ex parte* temporary restraining order and seizure order, Defendants' importation, sale and/or offers to sell the '084 Infringing Products, '290 Infringing Products, and the '995 Infringing Products will result in immediate and irreparable injury to Omix in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with Omix's ability to exploit the Omix Patents. Further, because Defendants have no presence in the United States, it may be difficult or impossible for Omix to recover a money judgment against any of the Defendants.

4. The harm to Omix in denying the requested temporary restraining order and seizure order outweighs the harm to the legitimate interests of Defendants from granting such relief.

5. The public interest weighs in favor of granting Omix the requested temporary restraining order and seizure order.

6. The '084 Infringing Products, '290 Infringing Products, and '995 Infringing Products and materials evidencing Defendants' infringements alleged in the Complaint are in Defendants' possession at the AAPEX and/or SEMA tradeshows currently taking place in Las Vegas, Nevada, but these materials would likely be destroyed, moved, hidden or otherwise made inaccessible to the Court if Omix were to proceed on notice to Defendants.

## TEMPORARY RESTRAINING ORDER

IT IS THEREFORE ORDERED that, pending a decision by the Court on Omix's application for a preliminary injunction, the '084 Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing the '084 Patent at the AAPEX tradeshow in Las Vegas, Nevada from November 1-3, 2016, and the SEMA tradeshow in Las Vegas, Nevada from November 1-4, 2016. Specifically, the '084 Defendants are hereby temporarily restrained from making, using, selling, offering to sell, and importing into the United States footwear designs covered by U.S. Patent No. US 9,145,084 B2 and colorable imitations thereof. In addition, the '084 Defendants are hereby temporarily restrained from transferring, moving, returning, destroying or otherwise disposing of any '084 Infringing Products except pursuant to the below Seizure Order.

IT IS FURTHER ORDERED that, pending a decision by the Court on Omix's application for a preliminary injunction, the '995 Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing the '995 Patent at the AAPEX tradeshow in Las Vegas, Nevada from November 1-3, 2016, and the SEMA tradeshow in Las Vegas, Nevada from November 1-4, 2016. Specifically, the '995 Defendants are hereby temporarily restrained from making, using, selling, offering to sell, and importing into the United States footwear designs covered by U.S. Patent No. US D749,995 S and colorable imitations thereof. In addition, the '995 Defendants are hereby temporarily restrained from transferring, moving, returning, destroying or otherwise disposing of any '995 Infringing Products except pursuant to the below Seizure Order.

IT IS FURTHER ORDERED that, pending a decision by the Court on Omix's application for a preliminary injunction, Defendant Unity and its officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing the '290 Patent at the SEMA tradeshow in Las Vegas, Nevada from November 1-4, 2016. Specifically, Defendant Unity is hereby temporarily restrained from making, using, selling, offering to sell, and importing into the United States footwear designs covered by U.S. Patent No. US D692,290 S and colorable imitations thereof. In addition, Defendant Unity is hereby temporarily restrained from transferring, moving, returning, destroying or otherwise disposing of any '290 Infringing Products except pursuant to the below Seizure Order.

## SEIZURE ORDER

IT IS FURTHER ORDERED that Defendants' '084 Infringing Products, '290 Infringing Products, and '995 Infringing Products, records (including computers and electronic evidence) of Defendants' sales and offers to sell infringing products, and Defendants' promotional display(s), sales equipment, materials used to facilitate Defendants' infringements, catalogues and other marketing materials, and tooling (collectively, "Materials") shall be seized by the United States Marshals Service, assisted by one or more attorneys or representatives of Omix, at the booths rented or occupied by Defendants at the AAPEX tradeshow in Las Vegas, Nevada from November 1-3, 2016, and the SEMA tradeshow in Las Vegas, Nevada from November 1-4, 2016. The '084 Infringing Products, '290 Infringing Products, and '995 Infringing Products that the United States Marshals shall seize include SKU numbers SKU V-W21 and SKU UT-B101. If Omix identifies more infringing products, they can petition the Court to amend this Order. The Defendants shall destroy their inventory of Materials at Omix's election.

The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify Materials to be seized. Attorneys and other representatives of Omix shall accompany the United States Marshals Service during the seizure to identify the Materials to be seized. Omix's counsel shall itemize and take possession of the seized Materials, provide a copy

5

of the inventory to the United States Marshals Service, and file the inventory with the Court. In addition, Omix's counsel may record the contents of Defendants' booth and Materials by photographic and/or videographic means during the seizure action. The United States Marshals Service shall not retain custody of seized Materials. Omix agrees to indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

IT IS FURTHER ORDERED that the U.S. Customs and Border Protection seize any '084 Infringing Products, '290 Infringing Products, and '995 Infringing Products coming into the United States.

IT IS FURTHER ORDERED that this Order and the Summons and Complaint must be served upon Defendants, if found, at the time of the seizure, and by other means reasonably calculated to give Defendants notice of this action.

IT IS FURTHER ORDERED that, Omix shall deposit **$10,000.00** with the Clerk of the Court as security for this order. To the extent Defendants believe that additional security is necessary pursuant to Rule 65(c), Fed. R. Civ. P., Defendants shall file an application to the Court and provide notice to counsel for Omix by **3:00 p.m. on Monday, November 7, 2016.**

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for **Thursday, November 10, 2016**, at **11:30 a.m.**, in Courtroom **7D**, before the Honorable **Gloria M. Navarro, United States District Judge**. Defendants shall file and serve any opposition to Omix's motion for a preliminary injunction on or before **3:00 p.m. on Tuesday, November 8, 2016**.

SIGNED AND ENTERED this __1__ day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE