**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@dickinson-wright.com
KENDAL L. WEISENMILLER
Nevada Bar No. 11946
Email: kweisenmiller@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (844) 670-6009
*Attorneys for Plaintiff Omix-ADA, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OMIX-ADA, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHANGZHOU JIULONG AUTO LAMPS FACTORY; GUANGZHOU VCAN ELECTRONIC TECHNOLOGY CO., LTD.; MAXGRAND, LTD.; SANMAK LIGHTING CO., LTD.; SHENZHEN UNISUN TECHNOLOGY CO., LTD.; and UNITY 4WD ACCESSORIES CO., LTD.,<br><br>Defendants. | CASE NO. 2:16-cv-2527-GMN-CWH<br><br>**PRELIMINARY INJUNCTION ORDER** |

On November 1, 2016, Plaintiff OMIX-ADA, INC. ("Omix" or "Plaintiff") moved *ex parte* for a Temporary Restraining Order, Seizure Order, and Preliminary Injunction, pursuant to the Patent Act, 35 U.S.C. § 283; Federal Rules of Civil Procedure ("FRCP") 64 and 65; and Local Rule ("LR") 7-4 (Doc. 3) (the "Motion").

Omix alleges Defendants Guangzhou Vcan Electronic Technology Co., Ltd. ("Guangzho Vcan"); Maxgrand, Ltd. ("Maxgrand"); Shenzhen Unisun Technology Co., Ltd. ("Unisun") and

1

Unity 4WD Accessories Co., LTD. ("Unity", and together with Guangzhou Vcan, Maxgrand, and Unisun, the "Defendants") have made, imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised at the SEMA Show ("SEMA") held on November 1-4, 2016 at the Las Vegas Convention Center and/or the Automotive Aftermarket Products Expo ("AAPEX") held on November 1-3, 2016 at the Sands Expo, products that infringe:

(1) U.S. Patent No. 9,145,084 B2 (the " '084 Patent") entitled "Auxiliary Light Mount Assembly for Tubular Bumpers";

(2) U.S. Patent No. D692,290 S (the " '290 Patent") entitled "Hood Latch"; a

(3) U.S Patent No. D749,995 S (the " '995 Patent" and, collectively with the '084 Patent, the "Omix Patents") entitled "Front Grille for a Vehicle"; and

(4) The RUGGED RIDGE trademarks owned by Omix, Registration Nos. 3,596,653 and 3,671,044.

On November 1, 2016, the Court granted Omix's Motion for Temporary Restraining Order and Seizure Order (Doc. 10) (the "TRO"). Thereafter, Omix filed a bond with the Court and on November 2, 2016, with the assistance of the U.S. Marshals, hand-served the Complaint and Summonses, moving papers, and the Court's Order on Defendants at SEMA and AAPEX and seized evidence of infringement at Defendants' booths at SEMA and AAPEX. *See* ECF Nos. 13-18, 23. The seized materials are set forth in an Inventory of Seized materials filed by Plaintiff on November 8, 2016 (Doc. 23).

Pursuant to the TRO, Defendants were to file any opposition to Omix's Motion by 3:00 p.m. on November 8, 2016. No Defendant filed an opposition by 3:00 p.m. on November 8, 2016.

On November 10, 2016, the Court conducted a hearing on Plaintiff's Motion. No appearance was made by Defendants.

The Court, having duly considered Omix's Complaint, Motion and supporting exhibits thereto, Reply (Doc. 27) and supporting exhibits thereto, and having heard argument of counsel for Omix, hereby makes the following findings and conclusions:

1. Omix is likely to succeed on the merits of its patent infringement claims.

a. Omix is likely to succeed in showing that the '084 Patent is owned by Omix, is valid and enforceable, and that Defendants Guangzhou Vcan, Unisun, and Unity (the " '084 Defendants") have imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised auxiliary light mount assemblies for tubular bumpers that infringe on the '084 Patent (the " '084 Infringing Products");

b. Omix is likely to succeed in showing that the '995 Patent is owned by Omix, is valid and enforceable, and that Defendants Maxgrand and Unity (the " '995 Defendants") have imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised front grilles that infringe on the '995 Patent (the " '995 Infringing Products");

c. Omix is likely to succeed in showing that the '290 patent is owned by Omix, is valid and enforceable, and that Unity has imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised hood latches that infringe on the '290 Patent (the " '290 Infringing Products").

2. Omix is likely to succeed in showing that Defendant Unity is intentionally using a mark that is identical or nearly identical to Omix's RUGGED RIDGE mark for the same goods that Omix's federally-registered trademarks protect and that confusion is inevitable.

3. Defendants are foreign manufacturers of aftermarket auto care parts and automotive specialty products that, with the exception of their temporary presence in Las Vegas during the AAPEX and/or SEMA tradeshows, do not have a regular place of business or assets in the United States. Defendants imported into the United States, sold and/or offered to sell the '084 Infringing Products, the '290 Infringing Products, '995 Infringing Products, and goods bearing the RUGGED RIDGE mark, at the AAPEX and/or SEMA tradeshows and then promptly left the United States.

4. Absent a preliminary injunction Defendants' importation, sale and/or offers to sell the '084 Infringing Products, '290 Infringing Products, the '995 Infringing Products, and goods bearing the RUGGED RIDGE mark will result in immediate and irreparable injury to Omix in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with Omix's ability to exploit the Omix Patents and RUGGED

3

RIDGE mark. Further, because Defendants have no presence in the United States, it may be difficult or impossible for Omix to recover a money judgment against any of the Defendants.

5. The harm to Omix in denying the requested preliminary injunction outweighs the harm to the legitimate interests of Defendants from granting such relief. Defendants' pattern of entering the United States for the purpose of marketing and selling the '084 Infringing Products, '290 Infringing Products, the '995 Infringing Products, and goods bearing the RUGGED RIDGE mark for just a few days at annual trade shows has limited Omix's ability to enforce its intellectual property rights. Defendants, conversely, have the ability to sell many products which do not infringe on Omix's intellectual property rights. Defendants thus took a calculated risk in marketing, offering to sell, and selling the '084 Infringing Products, '290 Infringing Products, the '995 Infringing Products, and goods bearing the RUGGED RIDGE mark and the balance of harm weighs heavily in Omix's favor.

6. The public interest also weighs heavily in favor of granting a preliminary injunction because such relief is consistent with the aim of the U.S. patent and trademark laws whereby intellectual property rights can be effectively enforced and consumers protected from confusion.

7. In light of the fact that no Defendant has challenged the TRO or opposed the Motion, the $10,000 bond already posted by Omix is sufficient and no additional security shall be required.

## PRELIMINARY INJUNCTION

**IT IS THEREFORE ORDERED** that the '084 Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby preliminarily enjoined from making, using, selling, offering to sell, and importing into the United States products covered by U.S. Patent No. US 9,145,084 B2 and colorable imitations thereof.

**IT IS FURTHER ORDERED** that the '995 Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them are hereby preliminarily enjoined from making, using, selling, offering to sell,

and importing into the United States products covered by U.S. Patent No. US D749,995 S and colorable imitations thereof.

**IT IS FURTHER ORDERED** that Defendant Unity and its officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with it are hereby preliminarily enjoined from making, using, selling, offering to sell, and importing into the United States products covered by U.S. Patent No. US D692,290 S and colorable imitations thereof.

**IT IS FURTHER ORDERED** that Defendant Unity and its officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with it are hereby preliminarily enjoined from making, using, selling, offering to sell, and importing into the United States goods bearing or marketed or sold under the RUGGED RIDGE mark.

**IT IS FURTHER ORDERED** that the U.S. Customs and Border Protection seize any '084 Infringing Products, '290 Infringing Products, '995 Infringing Products, and/or goods bearing the RUGGED RIDGE mark coming into the United States.

Omix shall forthwith serve this Order upon Defendants by international courier to their respective business addresses.

Defendants are hereby given notice that they shall be deemed to have actual notice of the issuance and terms of this preliminary injunction and that any act in violation of any of the terms of this Order may be considered and prosecuted as contempt of this Court.

SIGNED AND ENTERED this __9__ day of November 2016.

_____
UNITED STATES DISTRICT JUDGE