# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| OMIX-ADA, INC., <br><br> Plaintiff, <br> vs. <br><br> CHANGZHOU JUILONG AUTO LAMPS FACTORY, *et al.*, <br><br> Defendants. | Case No.: 2:16-cv-02527-GMN-CWH <br><br> **ORDER** |

Having duly considered the unopposed Motion for Entry of Final Judgment and Permanent Injunction filed by Plaintiff Omix-Ada, Inc. ("Plaintiff"), the Court hereby enters this final judgment by default against Defendants Guangzhou Vcan Electronic Technology Co., Ltd. ("Guangzhou Vcan"), Shenzhen Unisun Technology Co., Ltd. ("Unisun"), and Unity 4WD Accessories Co., Ltd. ("Unity") (collectively, "Defendants") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that Omix's Motion for Final Judgment and Permanent Injunction by Default, (ECF No. 42), is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment is entered against Defendants for willfully infringing Omix's United States Patent No. US 9,145,084 B2 in violation of 35 U.S.C. § 271.

**IT IS FURTHER ORDERED** that judgment is entered against Defendant Unity for willfully infringing Omix's United States Patent Nos. US D749,995 S and US D692,290 S in violation of 35 U.S.C. § 271.

**IT IS FURTHER ORDERED** that judgment is entered against Defendant Unity for willfully infringing Omix's RUGGED RIDGE trademark in violation of the Lanham Act, 15 U.S.C. § 1051, *et. seq.*

**IT IS FURTHER ORDERED** that judgment is entered against Defendant Unity for unfair competition.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby permanently enjoined from infringing Omix's United States Patent No. US 9,145,084 B2 including, but not limited to, making, using, selling, offering to sell, and importing into the United States products covered by U.S. Patent No. US 9,145,084 B2 and colorable imitations thereof pursuant to 15 U.S.C. § 283 and Rule 65(d) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby permanently enjoined from infringing Omix's United States Patent No. US D749,995 S including, but not limited to, making, using, selling, offering to sell, and importing into the United States products covered by U.S. Patent No. US D749,995 S and colorable imitations thereof pursuant to 15 U .S.C. § 283 and Rule 65(d) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other persons acting in active concert or participation with any of them, are hereby permanently enjoined from infringing Omix's United States Patent No. US D692,290 S including, but not limited to, making, using, selling, offering to sell, and importing into the United States products covered by U.S. Patent No. US D692,290 S and colorable imitations thereof pursuant to 15 U.S.C. § 283 and Rule 65(d) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116 and Rule 65(d) of the Federal Rules of Civil Procedure, Defendants and their officers, agents, servants, employees

and attorneys, and all other persons acting in active concert or participation with any of them, are hereby permanently enjoined from:

1. Using any reproduction, counterfeit, copy or colorable imitation of Omix's RUGGED RIDGE mark in commerce including, but not limited to: (a) by selling, offering to sell, distributing, promoting or advertising any good or service in connection with such reproduction, counterfeit, copy or colorable imitation of the RUGGED RIDGE mark; or (b) by displaying any reproduction, counterfeit, copy or colorable imitation of the RUGGED RIDGE mark in the United States;

2. Representing, directly or indirectly, in any form or manner whatsoever, that any products or services offered for distribution or sale by Defendants are related to, affiliated with, approved by, or sponsored by Omix, or committing any other acts calculated to cause consumers to believe that Defendants' products and services or that Defendants' businesses are that of Omix's or somehow related to Omix, and from otherwise competing unfairly with Omix in any manner; and

3. Making any use of the RUGGED RIDGE mark or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any purpose whatsoever.

**IT IS FURTHER ORDERED** that Defendants destroy any and all literature, products, forms, promotional materials, prints, advertising matter, circulars, stationary, labels, tags, wrappers, packaging, plates, stencils, sips and other materials used in preparation of, or bearing any designation consisting of or including or incorporating the term "Rugged Ridge."

**IT IS FURTHER ORDERED** that Defendants destroy any products which infringe on Omix's United States Patent Nos. US 9,145,084 B2, US D749,995 S, and US D692,290 S.

**IT IS FURTHER ORDERED** that Defendants destroy or surrender all tooling regarding Omix's United States Patent Nos. US 9,145,084 B2, US D749,995 S, and US D692,290 S.

**IT IS FURTHER ORDERED** that the United States Customs and Border Protection seize all of Defendants' products which infringe on Omix's United States Patent Nos. US 9,145,084 B2, US D749,995 S, and US D692,290 S, and on Omix's RUGGED RIDGE mark which are coming into the United States.

**IT IS FURTHER ORDERED** that Defendants notify their distributor(s) about this Order and direct them to cease distribution of any products which infringe on Omix's United States Patent Nos US 9,145,084 B2, US D749,995 S, and US D692,290 S, and on Omix's RUGGED RIDGE mark.

**IT IS FURTHER ORDERED** that Omix recovers its reasonable attorneys' fees, with prejudgment interest, and costs from the Defendants pursuant to 35 U.S.C. § 285 and Rule 4(d) of the Federal Rules of Civil Procedure. Omix shall file a separate motion as required by Local Rules 54-1 and 54-14 within fourteen days after the filing date of this Order.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction over the parties to the extent necessary to inforce the terms of this Order and the injunctive relief provided herein.

**DATED** this __27__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge